1  DAVID B. CASSELMAN (Bar No. 81657)
   dcasselman@wccelaw.com
2  KIRK S. COMER (Bar No. 240847)
   kcomer@wccelaw.com
3  WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
   5567 Reseda Boulevard, Suite 330        RECEIVED
4  Post Office Box 7033                     BUT
   Tarzana, California 91357-7033        NOT FILED
5  Telephone: (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 345-0162           OCT 11 2013
6
   Attorneys for Non-Parties The Ageless   CLERK, U.S. DISTRICT COURT
7  Foundation, Inc. and Naomi Balcombe     CENTRAL DISTRICT OF CALIFORNIA
                                           BY                      DEPUTY
8
                          UNITED STATES DISTRICT COURT
9
                         CENTRAL DISTRICT OF CALIFORNIA
10
11
   UNITED STATES OF AMERICA,              CASE NO. ED-09-43-VAP
12
            Plaintiff,                    **NOTICE OF MOTION OF NON-**
13                                        **PARTIES THE AGELESS**
         vs.                              **FOUNDATION, INC. AND NAOMI**
14                                        **BALCOMBE FOR LEAVE TO**
   PETER HUGH POCKLINGTON,                **INTERVENE AND TO UNSEAL**
15                                        **DOCUMENTS;**
            Defendant.
16                                        **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES;**
17
                                          **DECLARATION OF DAVID B.**
18                                        **CASSELMAN**
19                                        Date: October 21, 2013
                                          Time: 9:00 a.m.
20                                        Place: Courtroom 2
21                                        [Assigned to the Honorable Virginia A.
                                          Phillips]
22
23       TO ALL PARTIES AND THEIR COUNSEL FO RECORD:
24
25       PLEASE TAKE NOTICE THAT on October 21, 2013 at 9:00 a.m. or as soon
26  thereafter as counsel may be heard in Courtroom 2, 2nd Floor, of the above-entitled
27  court, located at 3470 12th Street, Riverside, California 92501, The Ageless
28  Foundation, Inc. and Naomi Balcombe (collectively, "Balcombe") will, and hereby

1058073.1

NOTICE OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC. AND NAOMI BALCOMBE
FOR LEAVE TO INTERVENE AND TO UNSEAL DOCUMENTS

1  do, move the Court for leave to intervene and to unseal the evidentiary exhibits

2  introduced, sealed and admitted into evidence at the Violation of Supervised Release

3  Hearing on September 16, 2013.

4

5     This motion is made on the grounds that there exists a well established public

6  right to access judicial records and documents. There are no compelling reasons that

7  would prevent such access in this case.  Further, any privacy concerns regarding the

8  personal information of Mr. Pocklington (home address and social security number),

9  which prompted the sealing order, may be alleviated by redacting this information

10 and then unsealing the remainder of the exhibits.

11

12    This motion is made following the conference of counsel which took place in

13 open court at the sentencing hearing on September 20, 2013.  At that time counsel

14 for Balcombe orally requested unsealing of the hearing exhibits and both counsel for

15 Plaintiff United States and Defendant Peter Pocklington opposed the request.  All

16 parties, and the Court, agreed to take up the issue upon written motion by Balcombe.

17

18    This motion is based upon this Notice of Motion, the Memorandum of Points

19 and Authorities and Declaration of David B. Casselman filed concurrently herewith,

20 the pleadings and papers on file herein, and upon all further evidence and argument

21 as may be hereafter presented.

22

23 DATED: October 10, 2013          **WASSERMAN, COMDEN,**
                                   **CASSELMAN & ESENSTEN, L.L.P.**
24

25                                 By: _____
26                                      DAVID B. CASSELMAN
                                        Attorneys for Non-Parties The Ageless
27                                      Foundation, Inc. and Naomi Balcombe

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

# TABLE OF CONTENTS

**Page**

1.  INTRODUCTION ......................................................................... 3

2.  FACTUAL BACKGROUND ........................................................ 5

3.  BALCOMBE SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT DOCUMENTS ............................................................................. 7

4.  THIS COURT SHOULD PERMIT BALCOMBE TO ACCESS THE EVIDENTIARY HEARING EXHIBITS ......................................... 9

    A.  Judicial Records are Presumptively Public and Should Not Be Sealed Unless a Compelling Reason Exists.............................. 9

    B.  No Compelling Reasons Exist to Overcome the Strong Presumption of Public Access ............................................. 12

    C.  Redacting the Personal Information from the Hearing Exhibits Will Satisfy the Privacy Concerns While Permitting Access to the Records........................................................................... 13

5.  CONCLUSION .......................................................................... 14

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1058073.1

i

NOTICE OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC. AND NAOMI BALCOMBE FOR LEAVE TO INTERVENE AND TO UNSEAL DOCUMENTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

# TABLE OF AUTHORITIES

**Page**

## CASES

*Beckman Industries, Inc. v. International Ins. Co.*
(9th Cir. 1992) 966 F.2d 470, 472-73 ............................................................... 8

*California ex rel. Lockyer v. Safeway, Inc.*
(C.D. Cal. 2005) 355 F.Supp.2d 1111, 1125 .......................................... 7, 9, 10

*Foltz v. State Farm Mut. Auto. Ins. Co.* (9th Cir.
(2003) 331 F.3d 1122, 1131 ................................................................... 9, 10

*Gannett Co., Inc. v. DePasquale*
(1979) 443 U.S. 368, 401 .................................................................................. 8

*In re Shortridge*
(1893) 99 Cal. 526, 530-31 ............................................................................... 9

*Kamakana v. City and County of Honolulu*
(9th Cir. 2006) 447 F.3d 1172, 1178 .......................................................... 9, 10, 12

*Nixon v. Warner Commc'ns, Inc.*
(1978) 435 U.S. 589, 597 .................................................................................. 8

*Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*
(9th Cir. 1990) 920 F.2d 1462 ............................................................. 8, 11, 13

*Press-Enterprise Co. v. Superior Court of California for Riverside County*
(1986) 478 U.S. 1, 15 ................................................................................... 13

*Richmond Newspapers, Inc. v. Virginia*
(1980) 448 U.S. 555, 570-71 ............................................................................ 8

*U.S. v. James*
(W.D. Wash. 2009) 663 F.Supp.2d 1018, 1020 .................................... 8, 11, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION.

By this motion, non-party collateral litigants seek to unseal exhibits admitted into evidence, and then sealed, during an evidentiary hearing on September 16, 2013.  This hearing was conducted to determine if Defendant (and judgment debtor) Peter Pocklington violated the terms of his probation.  The moving parties request access to these exhibits in order to assist them in ongoing collection efforts against Mr. Pocklington, who owes numerous judgment creditors in excess of $10 million.[1]

These creditors have literally been chasing Mr. Pocklington trying to recoup these outstanding debts for over a decade with little to no success.  Just when the judgment creditors were beginning to gain traction, Mr. Pocklington filed for bankruptcy protection in a blatant attempt to thwart collection.

The bankruptcy court saw through this ruse and denied Mr. Pocklington a bankruptcy discharge, finding his bankruptcy petition to be fraudulent.  His recent conviction and sentencing in this Court arose directly from his guilty plea involving perjury pertaining to his bankruptcy schedule assets – and later failing to abide by the terms of his probation.  Again, it simply required him to truthfully disclose his assets and income.

---

[1] This motion is brought by The Ageless Foundation, Inc. and Naomi Balcombe who have a judgment against Mr. Pocklington in excess of $1 million.  Counsel for Ageless and Balcombe also represents the government of the Province of Alberta, Canada, similarly seeking to collect on a judgment against Mr. Pocklington.  It was entered in 2000, amended in 2007, and now totals in excess of 10 million dollars.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    The exhibits the moving parties seek are highly relevant to their collection

2  efforts.  These exhibits will reveal entities related to Mr. Pocklington, sources of his

3  recent income, and most importantly, bank accounts where he likely holds assets

4  which may be used to satisfy his outstanding judgments.  But while that is the

5  reason that moving parties seek access to the hearing exhibits, it is not the

6  justification for requesting access.

7

8    Under the First Amendment and well settled common law, **the public is**

9  **presumed to have access to court records**, including hearing exhibits at issue.

10  This is based on sound policy reasons that the public has the inherent right to know

11  exactly what transpires in their courts.  Subject to limited exceptions not applicable

12  in this case, the public's right of access may <u>only</u> be infringed upon by a showing of

13  "compelling reasons."

14

15    **It is the burden of the party requesting documents be (or remain) sealed**

16  **to provide compelling reasons and prove that available, less intrusive**

17  **alternatives will not protect their rights.**  When access is limited by a court, these

18  restrictions <u>must</u> be narrowly tailored so as not to infringe upon the right of the

19  public any more than is absolutely necessary.

20

21    Here, this Court sealed the hearing exhibits for the simple reason that they

22  contained the home address and social security number for Mr. Pocklington –

23  information that court rules mandate be redacted for privacy reasons.  But a blanket

24  sealing order fails to satisfy the mandate that denial of access use the least restrictive

25  method available.

26

27    This Court recognized and acknowledged as much at the September 20, 2013

28  sentencing hearing, when moving parties orally presented this request.  At that time,

NOTICE OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC. AND NAOMI BALCOMBE
FOR LEAVE TO INTERVENE AND TO UNSEAL DOCUMENTS

this Court explained its intent to unseal the exhibits after requiring the United States (as the party that introduced the exhibits) to redact the social security number and home address.   Both the United States and Mr. Pocklington objected to the unsealing of the records, although neither advanced any "compelling reasons" for keeping the exhibits sealed.

Allowing the public to access these exhibits after redaction of the personal identifying information for Mr. Pocklington is entirely proper.   It is the least intrusive manner to both protect the personal information of Mr. Pocklington and allow the public access to the evidence.

## 2.   **FACTUAL BACKGROUND.**

On April 13, 2007, The Ageless Foundation, Inc. and Naomi Balcombe (collectively, "Balcombe") obtained a judgment in the amount of $806,475.60 against Peter Pocklington ("Pocklington") and two other co-defendants in the United States District Court for the Southern District of Florida ("Judgment").[2]   On June 5, 2007, the Florida District Court certified the judgment for purposes of registering it in California.   On June 8, 2007, the Judgment was registered in the Central District of California (Case No. 5:08-cv-01344-JFW-OP).[3]   After registration, Balcombe initiated collection measures against Pocklington.

On August 11, 2008, and in response to those collection efforts, which

---

[2] The current amount owed on the Judgment with post-judgment interest is in excess of $1,100,575.20.

[3] The California registered judgment is attached to the Declaration of David B. Casselman ("Casselman Decl.") as Exhibit "A".

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   included seizure of his personal property, Pocklington filed a voluntary Chapter 7
2   bankruptcy petition in the United States Bankruptcy Court in Riverside, California
3   (Case No. 6:08-bk-20174-MJ).   On November 18, 2008, Balcombe and other
4   creditors filed an adversary complaint in the bankruptcy action opposing a discharge
5   due to fraud (Case No. 6:08-ap-01465-MJ).

6

7         On March 4, 2009, a federal grand jury indicted Pocklington on two counts of
8   bankruptcy fraud, relating to his failure to disclose assets on his bankruptcy
9   schedules (Case No. 5:09-cr-00043-VAP).   On May 21, 2010, Pocklington pled
10   guilty to perjuring himself on his bankruptcy petition and was sentenced to two
11   years probation.

12

13         As part of his plea deal, Pocklington agreed to file an amended voluntary
14   petition, statement of financial affairs, and schedules accurately disclosing the
15   totality of his income and assets.  The amended documents were not filed until June
16   3, 2011.

17

18         Through discovery of financial records collected during the adversary and
19   criminal proceedings, Balcombe and other adversary action plaintiffs accumulated
20   evidence proving that Pocklington fraudulently filed both his original bankruptcy
21   petition as well as his amended bankruptcy petition. Thus, on March 22, 2012, these
22   plaintiffs moved for summary judgment denying Pocklington a bankruptcy
23   discharge.  The Court found that the bankruptcy petition filed by Pocklington was
24   fraudulent, granted the summary judgment motion and denied Pocklington a
25   discharge pursuant to the provisions of 11 U.S.C. §727(A)(2), (3), (4), and (5).

26

27         Thereafter, the United States brought charges against Pocklington alleging
28   violations of the terms of his probation.  On May 28, 2013, this Court held a

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

NOTICE OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC. AND NAOMI BALCOMBE
FOR LEAVE TO INTERVENE AND TO UNSEAL DOCUMENTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 preliminary revocation hearing and set the matter for an evidentiary hearing. After

2 several continuances, this Court held the evidentiary hearing on September 16,

3 2013. Witnesses were called by both the United States and Pocklington. During the

4 hearing, the United States introduced and the Court admitted seven exhibits in

5 support of its case in chief.[4]  This Court ordered these exhibits sealed and set a

6 sentencing hearing for September 20, 2013.[5]

7

8      Upon learning of the existence of the exhibits from the evidentiary hearing

9 (and their sealing), Balcombe made an oral request for the Court to unseal these

10 exhibits at the September 20, 2013 sentencing hearing. The United States and

11 Pocklington both objected to the request. The Court advised Balcombe that it

12 ordered the exhibits sealed solely because they contained a home address and social

13 security number for Pocklington in violation of court rules. The Court indicated that

14 it was inclined to unseal the hearing exhibits, but order the address and social

15 security number of Pocklington be redacted. Due to objections from the parties, it

16 was agreed that the issue should be addressed by written motion.

17

18 **3.**     **BALCOMBE SHOULD BE PERMITTED TO INTERVENE FOR THE**

19     **LIMITED PURPOSE OF UNSEALING COURT DOCUMENTS.**

20

21      "[H]istorically our nation has viewed what transpires in the courtroom as

22 public property. (Citation)" *California ex rel. Lockyer v. Safeway, Inc.* (C.D. Cal.

23 2005) 355 F.Supp.2d 1111, 1125. It is well established that the public has a

24 "general right to inspect and copy public records and documents, including judicial

25

26 [4] The List of Exhibits and Witnesses is attached to the Casselman Decl. as Exhibit "B".

27 [5] The Minutes of the Violation of Supervised Release Hearing of September 16, 2013 are attached to the Casselman Decl. as Exhibit "C".

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 records and documents." *Nixon v. Warner Commc'ns, Inc.* (1978) 435 U.S. 589, 597
2 (footnote omitted).   This right of access is especially applicable to criminal
3 proceedings. *Richmond Newspapers, Inc. v. Virginia* (1980) 448 U.S. 555, 570-71.

4

5      When the public is denied access to court records or court proceedings, they
6 have standing to challenge such. *Gannett Co., Inc. v. DePasquale* (1979) 443 U.S.
7 368, 401 ["If the constitutional right of the press and public to access is to have
8 substance, representatives of these groups must be given an opportunity to be heard
9 on the question of their exclusion"]; *U.S. v. James* (W.D. Wash. 2009) 663
10 F.Supp.2d 1018, 1020 [Court held that Canadian company had standing to intervene
11 in a criminal case to seek unsealing of court documents]; *Oregonian Pub. Co. v.*
12 *U.S. Dist. Court for Dist. of Oregon* (9th Cir. 1990) 920 F.2d 1462 [Non-party
13 newspaper permitted to challenge the sealing of judicial records in criminal case].

14

15      Intervention is the proper procedure for a nonparty to challenge the sealing of
16 judicial records and to request access to them.   *Beckman Industries, Inc. v.*
17 *International Ins. Co.* (9th Cir. 1992) 966 F.2d 470, 472-73 [Collecting cases
18 showing that intervention is a proper method for a non-party to seek protected
19 materials and challenge protective orders].

20

21      As the foregoing precedents confirm, Balcombe should be permitted to
22 intervene in this action for the limited purpose of moving to unseal the records.  The
23 sealed exhibits contain financial information of Pocklington, including his bank
24 accounts and entities which may be related to him.  They also set forth the income
25 he recently received.  Balcombe is a judgment creditor of Pocklington, and the
26 sealed exhibits are highly relevant to collection efforts against him.

27

28      Indeed, there is a strong public policy in allowing collateral litigants to access

1058073.1                                            8

materials in related cases which assists them in their own litigation.  *Foltz v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2003) 331 F.3d 1122, 1131 ["This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. (Citation) Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery. (Citation)"].

But more importantly, Balcombe, and the public at large, have a right to view the evidence which the government used to find Pocklington guilty of violating the terms of his probation.  "[I]n this country it is a first principle that the people have the right to know what is done in their courts."  *California ex rel. Lockyer v. Safeway, Inc.* (C.D. Cal. 2005) 355 F.Supp.2d 1111, 1125 *citing In re Shortridge* (1893) 99 Cal. 526, 530-31.  Accordingly, Balcombe (as would any member of the public) has standing to request that this court unseal the exhibits entered into evidence at the September 16, 2013 hearing.

## 4.  THIS COURT SHOULD PERMIT BALCOMBE TO ACCESS THE EVIDENTIARY HEARING EXHIBITS.

### A.  Judicial Records are Presumptively Public and Should Not Be Sealed Unless a Compelling Reason Exists.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' (Citation) This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.' (Citation)"  *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1178.  Access to judicial records is not absolute, as there exists a <u>narrow</u> range of documents not subject to the public right

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    of access, which have been traditionally kept secret for important policy reasons;

2    namely, grand jury transcripts and warrant materials in the midst of a pre-indictment

3    investigation. *Id.*

4

5    However, "[u]nless a particular court record is one 'traditionally kept secret,'

6    **a 'strong presumption in favor of access' is the starting point" for the analysis**

7    **of whether to allow the public to access judicial records.** *Id.*; *Foltz v. State Farm*

8    *Mut. Auto. Ins. Co.* (9th Cir. 2003) 331 F.3d 1122, 1135.[6]  "The presumption of

9    access exists because the citizens are entitled to observe, monitor, understand and

10   critique their courts…" *California ex rel. Lockyer v. Safeway, Inc.* (C.D. Cal. 2005)

11   355 F.Supp.2d 1111, 1125.

12

13   Here, the hearing exhibits at issue are neither grand jury transcripts nor

14   warrant materials.  As such, Balcombe is presumptively entitled to access them.

15   Thus the burden shifts to the party advocating a denial of access to court records.

16

17   The party seeking to keep a judicial record sealed bears the burden of

18   overcoming the strong presumption of public access by meeting the "compelling

19   reasons" standard. *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447

20   F.3d 1172, 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2003) 331 F.3d

21   1122, 1135.  As the *Kamakana* court succinctly stated at 1178-79:

22

23          "' [T]he party must "articulate[ ] compelling reasons

24          supported by specific factual findings," (Citation) that

25          outweigh the general history of access and the public

26   _____

27   [6] All emphasis added unless otherwise noted.

28

NOTICE OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC. AND NAOMI BALCOMBE
FOR LEAVE TO INTERVENE AND TO UNSEAL DOCUMENTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  policies favoring disclosure, such as the " 'public interest
2  in understanding the judicial process.' " (Citation)  In turn,
3  the court must "conscientiously balance[ ] the competing
4  interests" of the public and the party who seeks to keep
5  certain judicial records secret. (Citation)  After
6  considering these interests, if the court decides to seal
7  certain judicial records, it must "base its decision on a
8  compelling reason and articulate the factual basis for its
9  ruling, without relying on hypothesis or conjecture."
10 (Citation) "'

11

12     Similarly, the court in *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of*
13 *Oregon* (9th Cir. 1990) 920 F.2d 1462, 1466 stated:

14

15     "The Supreme Court has made clear that criminal
16     proceedings and documents may be closed to the public
17     without violating the first amendment **only if** three
18     substantive requirements are satisfied: (1) closure serves a
19     compelling interest; (2) there is a substantial probability
20     that, in the absence of closure, this compelling interest
21     would be harmed; and (3) there are no alternatives to
22     closure that would adequately protect the compelling
23     interest. (Citation)  The court must not base its decision on
24     conclusory assertions alone, but must make specific
25     factual findings. (Citation)"

26

27     No party will be able to meet these three substantive requirements.

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

### B.    No Compelling Reasons Exist to Overcome the Strong Presumption of Public Access.

Courts have generally found that compelling reasons, which are sufficient to outweigh the public's strong interest in disclosure and justify sealing court records, "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  (Citation) The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. (Citation)" *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1179.

Under these formidable standards, neither Pocklington nor the Untied States will be able to articulate compelling reasons to keep the hearing exhibits sealed – let alone show the requisite substantial probability that without sealing of the hearing exhibits, this compelling interest would be harmed.  It is clear that Pocklington desires the exhibits to remain sealed so that he may continue to frustrate collection against him.  Surely, this is not a compelling reason to prevent disclosure.  It is unclear why the United States opposes the request of Balcombe.  Nevertheless, the United States introduced and caused the hearing exhibits to be admitted into evidence.  As such, they have placed the evidence into the public domain and may not now claim that it should be private.

Finally, Balcombe does not seek disclosure of the hearing exhibits for any improper purpose.  Balcombe seeks to view the hearing exhibits solely to assist in collateral litigation.  Not only is this proper, but public policy favors sharing discovery between collateral cases as opposed to wasteful duplication.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.**  **Redacting the Personal Information from the Hearing Exhibits Will Satisfy any Legitimate Privacy Concerns While Permitting Access to the Records.**

As stated, this Court sealed the hearing exhibits <u>solely</u> because they contained a social security number and home address for Pocklington.  Local Criminal Rule 49-1 requires parties to redact this personal identifying information prior to filing documents, exhibits and attachments with the Court.  But any restriction on the right of the public to access court documents and proceedings must be narrowly tailored. *Press-Enterprise Co. v. Superior Court of California for Riverside County* (1986) 478 U.S. 1, 15.  Sealing of the entirety of the hearing exhibits in order to protect a home address and a social security number is, of course, not narrowly tailored.

Indeed, as this Court stated at the September 20, 2013 sentencing hearing, redaction of the personal identifier information from the hearing exhibits will satisfy the privacy concerns of the Court and comply with the court rules, at the same time permitting public access to the documents.  Since an alternative, less intrusive method exists to protect the privacy of Pocklington, there is no justification for all of the hearing exhibits to remain sealed.  *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon* (9th Cir. 1990) 920 F.2d 1462, 1466.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1058073.1

13

**5.   CONCLUSION.**

Based on the foregoing, Balcombe respectfully requests that this Court permit her to intervene in this action for the limited purpose of unsealing the hearing exhibits which were admitted into evidence on September 16, 2013.   Balcombe further requests that these exhibits be unsealed, except for the home address and social security number for Pocklington.

DATED: October 10, 2013

**WASSERMAN, COMDEN,**
**CASSELMAN & ESENSTEN, L.L.P.**

By: _____
            DAVID B. CASSELMAN
    Attorneys for Non-Parties The Ageless
    Foundation, Inc. and Naomi Balcombe

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

### DECLARATION OF DAVID B. CASSELMAN IN SUPPORT OF
### MOTION TO INTERVENE AND UNSEAL DOCUMENTS

David B. Casselman declares:

1.    I am an attorney licensed to practice law in the State of California and before the Central District of California.  I am the senior trial partner of the firm of Wasserman, Comden, Casselman & Esensten L.L.P. ("WCCE"), attorneys of record for Non-Parties The Ageless Foundation, Inc. and Naomi Balcombe (collectively, "Balcombe").

2.    I am the attorney principally responsible for the handling of this matter. I am personally familiar with the facts set forth in this declaration.  If called as a witness I could and would competently testify to the matters stated herein.

3.    On April 13, 2007, Balcombe obtained a judgment in the amount of $806,475.60 against Peter Pocklington ("Pocklington") and two other co-defendants in the United States District Court for the Southern District of Florida ("Judgment"). A true and correct copy of the California registered judgment is attached hereto as Exhibit "A".

4.    On June 5, 2007, the Florida District Court certified the judgment for purposes of registering it in California, and on June 8, 2007, the Judgment was registered in the Central District of California (Case No. 5:08-cv-01344-JFW-OP). After registration, Balcombe initiated collection measures against Pocklington.

5.    The current amount owed on the Balcombe judgment with post-judgment interest is in excess of $1,100,575.20.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

6.    WCCE also represents the government of the Province of Alberta, Canada, seeking to collect on a judgment against Mr. Pocklington entered in 2000, and amended in 2007, in excess of 10 million dollars.

7.    On August 11, 2008, and in response to those collection efforts which included seizure of his personal property, Pocklington filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court in Riverside, California (Case No. 6:08-bk-20174-MJ).    On November 18, 2008, Balcombe and other creditors filed an adversary complaint in the bankruptcy requesting the court deny Pocklington a discharge due to fraud (Case No. 6:08-ap-01465-MJ).

8.    On March 4, 2009, a federal grand jury indicted Pocklington on two counts of bankruptcy fraud, relating to his failure to disclose assets on his bankruptcy schedules (Case No. 5:09-cr-00043-VAP).    On May 21, 2010, Pocklington pled guilty to perjuring himself on his bankruptcy petition and was sentenced to two years probation.

9.    As part of his plea deal, Pocklington agreed to file an amended voluntary petition, statement of financial affairs, and schedules accurately disclosing the totality of his income and assets.  The amended documents were not filed until June 3, 2011.

10.    Through discovery of financial records collected during the adversary and criminal proceedings, Balcombe and other adversary action plaintiffs accumulated evidence proving that Pocklington filed a fraudulent original bankruptcy petition as well as a fraudulent amended bankruptcy petition.  Thus, on March 22, 2012, these plaintiffs moved for summary judgment for an order denying Pocklington a bankruptcy discharge.  The Court found that the bankruptcy petition

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  filed by Pocklington was fraudulent, granted the summary judgment motion and
2  denied Pocklington a discharge pursuant to the provisions of 11 U.S.C. §727(A)(2),
3  (3), (4), and (5).

4

5      11.    Thereafter, I understand that the United States brought charges against
6  Pocklington alleging violations of the terms of his probation.  Court records show
7  that on May 28, 2013, this Court held a preliminary revocation hearing and set the
8  matter for an evidentiary hearing.   Court records also show that after several
9  continuances, this Court held the evidentiary hearing on September 16, 2013.

10

11      12.    Court minutes from the September 16, 2013 evidentiary hearing show:
12  (a) witnesses were called by both the United States and Pocklington, (b) the United
13  States introduced and admitted into evidence seven exhibits in support of its case in
14  chief, (c) the Court ordered these exhibits be sealed, (d) the Court found that the
15  government met its burden on one of the two allegations brought against
16  Pocklington, and (e) the Court set a sentencing hearing for September 20, 2013.
17  True and correct copies of the "List of Exhibits and Witnesses" and the "Minutes of
18  the Violation of Supervised Release Hearing" taken form the court file are attached
19  hereto as Exhibits "B" and "C", respectively.

20

21      13.    As soon we learned of the existence of the exhibits from the evidentiary
22  hearing (and their sealing), this office appeared to make an oral request for the Court
23  to unseal these exhibits.   This took place at the September 20, 2013 sentencing
24  hearing.    It is my understanding that the United States and Pocklington both
25  objected to the request.  The Court advised that it ordered the exhibits sealed solely
26  because they contained a home address and social security number for Pocklington
27  in violation of court rules.   The Court indicated that it was inclined to grant the
28  request to unseal, but to order the United States, as the proponent of the exhibits, to

1058073.1                                                3

17

redact the address and social security number of Mr. Pocklington.

14.    In court on September 20, 2013, this office communicated its desire to unseal the hearing exhibits.  Both the United States and Pocklington objected, and it was agreed that the issue would be addressed via written motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 10, 2013

_____
David B. Casselman

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1058073.1

4

NOTICE OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC. AND NAOMI BALCOMBE
FOR LEAVE TO INTERVENE AND TO UNSEAL DOCUMENTS

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20293 CIV-JORDAN

THE AGELESS FOUNDATION, INC.,
A Florida corporation, and NAOMI
BALCOMBE, individually,

      Plaintiffs,

v.

QUINCY INVESTMENTS, CORP.,
NATURADE, INC., and PETER H.
POCKLINGTON,

      Defendants.

_____\

## CERTIFICATION OF JUDGMENT FOR
## REGISTRATION IN ANOTHER DISTRICT

I, _____**Clarence Maddox**_____, Clerk of the United States district court certify that the

attached judgment is a true and correct copy of the original final judgment entered in this action

on April 13, 2007, as it appears in the records of this court, and that no notice of appeal from this

final judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules

of Appellate Procedure has been filed.

      **IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

JUN - 5 2007
_____
Date

Clarence Maddox
_____
Clerk

_____
(By) Deputy Clerk



Case 5:09-cr-00043-VAP   Document 111   Filed 10/11/13   Page 23 of 30   Page ID #:539

Case 5:08-cv-01344-JFW-OP   Document 1   Filed 06/08/07   Page 2 of 3   Page ID #:2
Case 1:06-cv-20293-AJ   Document 120   Entered on FLSD Docket 04/13/2007   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

2007 JUN -8 PM 3: 22

EDCV 07 M 1503

THE AGELESS FOUNDATION, INC.,
a Florida corporation, and NAOMI
BALCOMBE, individually,

     Plaintiffs,

v.

QUINCY INVESTMENTS, CORP.,
NATURADE, INC. and PETER H.
POCKLINGTON,

     Defendants.

_____/

CASE NO. 06-20293 CIV-JORDAN

**FINAL JUDGMENT**

This action came on for trial before the Court, Honorable Adalberto Jordan, District Judge,

presiding, and the issues having been duly tried, the Court having issued Findings of Fact and

Conclusions of Law, and a decision having been duly rendered,

It is ORDERED and ADJUDGED as follows:

1.    That Plaintiff, The Ageless Foundation, Inc., whose address is c/o Naomi Balcombe,

5745 SW 75th Street, #337, Gainesville, Florida 32608, shall recover from the Defendants, Quincy

Investments, Corp. and Peter H. Pocklington, jointly and severally, the sum of $648,234.00 plus

$158,241.60 in pre-judgment interest for a total of $806,475.60, with ~~interest thereon at the rate of~~
post-judgment interest
at the rate set by 28 USC § 1961,
~~nine (9%) per cent per annum as provided by law~~ for which let execution issue.

2.    That Plaintiff, The Ageless Foundation, Inc., shall recover from the Defendants,

Quincy Investments, Corp. and Peter H. Pocklington, jointly and severally, an award of its attorneys'

fees and costs. This Court has reserved jurisdiction on the issues of the amount of attorneys' fees and

court costs to be awarded to Plaintiff, The Ageless Foundation, Inc., subject to a timely filed Motion

for Attorneys' Fees and Costs.

3. This case is closed, with the exception of attorney's
fees and costs.

21

Case 5:09-cr-00043-VAP    Document 111    Filed 10/11/13    Page 24 of 30    Page ID #:540

Case 5:08-cv-01344-JFW-OP    Document 1    Filed 06/08/07    Page 3 of 3    Page ID #:3
Case 1:06-cv-20293-AJ    Document 120    Entered on FLSD Docket 04/13/2007    Page 2 of 2

DONE and ORDERED in Chambers at Miami, Florida, this 13ᵗʰ day of April, 2007.

_Adalberto Jordan_
Adalberto Jordan
United States District Judge

Copies furnished to:

Steve I. Silverman, Esq.
Casey H. Cusick, Esq.
Kluger, Peretz, Kaplan & Berlin, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
*Attorneys for Plaintiffs*

Peter H. Pocklington
47-111 Vintage Dr. East
Indian Wells, CA 92210
Contact person for Defendants
Peter H. Pocklington and Quincy Investments, Corp.

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date  JUN – 5 2007

2

Case 5:09-cr-00043-VAP Document 99 Filed 09/06/13 Page 1 of 1 Page ID #:455

# LIST OF EXHIBITS AND WITNESSES

| Case Number | EDCR 09-00043-VAP | | Title | USA v PETER HUGH POCKLINGTON |
|---|---|---|---|---|

| Judge | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dates of Trial or Hearing | September 16, 2013 |
|---|---|

| Court Reporters or Tape No. | Phyllis Preston |
|---|---|

| Deputy Clerks | Marva Dillard / Ann Duke |
|---|---|

**FILED**
CLERK, U.S. DISTRICT COURT
9/6/2013
CENTRAL DISTRICT OF CALIFORNIA
BY: ___A. Duke___ DEPUTY

| Attorney(s) for Plaintiff(s) / Petitioner(s) | Attorney(s) for Defendant(s) / Respondent(s) |
|---|---|
| Antoine Raphael, AUSA | Brent Fairbanks Romney |
| Ashley Ross, Probation Officer | |
| | |
| | |
| | |

| Plaintiff(s) or Petitioner(s) | | | Defendant(s) or Respondent(s) | | | EXHIBIT DESCRIPTION / WITNESS | Called By |
|---|---|---|---|---|---|---|---|
| Ex. No. | Id. | Ev. | Ex. No. | Id. | Ev | | |
| | | | | | | Ashley Ross | Plaintiff |
| | | | | | | Lanston Edward Elded | Defendant |
| | | | | | | Terrance James Walton | Defendant |
| | | | 1 | 9/16/13 | 9/16/13 | USPO Monthly Report | Plaintiff |
| | | | 2 | 9/16/13 | 9/16/13 | Bank Statement | Plaintiff |
| | | | 3 | 9/16/13 | 9/16/13 | USPO Monthly Report | Plaintiff |
| | | | 4 | 9/16/13 | 9/16/13 | Bank Statement | Plaintiff |
| | | | 5 | 9/16/13 | 9/16/13 | USPO Monthly Report | Plaintiff |
| | | | 6 | 9/16/13 | 9/16/13 | Bank Statement | Plaintiff |
| | | | 7 | 9/16/13 | 9/16/13 | USPO Financial Investigation form | Plaintiff |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

G-65 (03/07)                **LIST OF EXHIBITS AND WITNESSES**                Page __1__ of __1__



25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CRIMINAL MINUTES -- GENERAL</u>

Case No.    **ED CR 09-43-VAP**                    Date:  September 16, 2013

=================================================================

PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

Marva Dillard / Ann Duke              Phyllis Preston                 Antoine Raphael
Courtroom Deputy                      Court Reporter                  Asst. U.S. Attorney


=================================================================

U.S.A. vs (Dft listed below)                      Attorney for Defendant

      **PETER HUGH POCKLINGTON**                   Brant Fairbanks Romney
      Present in Custody                           Retained Counsel


---

PROCEEDINGS:    VIOLATION OF SUPERVISED RELEASE HEARING (Evidentiary - Held and
                Completed)

        Appearances were made as referenced above.  Also present was Probation Officer, Ashley Ross.

        An evidentiary hearing is held.  Witnesses called, sworn, and testify. Exhibits introduced and admitted into
evidence, and ordered sealed. The Court finds as follows:

         The Government has met its burden by a preponderance of the evidence as to Allegation No. 1.  The
Government has not met its burden by a preponderance of the evidence as to Allegation No. 2.

        Judgment and Sentencing on Allegation No. 1 is set for Friday, September 20, 2013, at 9:00 am.
Defendant is ordered to appear.



cc: U.S. Probation

                                                          2   : 47
                                               Initial of Preparer   md/adu


MINUTES FORM 6
CRIM -- GEN

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the County of LOS ANGELES, STATE OF
CALIFORNIA.  My business address is 5567 Reseda Boulevard, Suite 330,
4  Tarzana, California 91356.  I am over the age of eighteen years and am not a party
to the within action;

5

       On October 10, 2013, I served the following document(s) entitled **NOTICE**
6  **OF MOTION OF NON-PARTIES THE AGELESS FOUNDATION, INC.
AND NAOMI BALCOMBE FOR LEAVE TO INTERVENE AND TO**
7  **UNSEAL DOCUMENTS; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID B. CASSELMAN** on ALL
8  INTERESTED PARTIES in this action by placing true copies thereof enclosed in
sealed envelopes addressed as follows:

9

10              **SEE ATTACHED LIST**

11

**BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other
12  facility regularly maintained by the overnight service carrier, or delivered such
document(s) to a courier or driver authorized by the overnight service carrier to
13  receive documents, in an envelope or package designated by the overnight service
carrier with delivery fees paid or provided for, addressed to the person(s) being
14  served.

15      I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

16

17      Executed on October 10, 2013, at Tarzana, California.

18  

19  Jamie D. Kessinger

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1058962.1

27

1

# SERVICE LIST

2

3  **Brent Fairbanks Romney**
   Blumenthal Law Offices
4  Riverside Barriester Building
   3993 Market Street
5  Riverside, CA 92501
   951-682-5110
6  Fax: 951-788-6303
   Email:
7  bromney@blumenthallawoffices.com

8  **Kay K Otani**
   Federal Public Defenders Office
9  3801 University Avenue Suite 700
   Riverside, CA 92501
10 951-276-6346
   Fax: 951-276-6368
11 Email:
   zzCAC_FPD_Document_Receiving@fd.org

12

   **Becky Walker James**
13 Law Offices of Becky Walker James
   17383 Sunset Boulevard
14 Suite A315
   Pacific Palisades, CA 90272
15 310-492-5104
   Fax: 310-492-5026
16 Email: becky@walkerjameslaw.com

17 **Sean K Lokey**
   AUSA - Office of US Attorney
18 3880 Lemon Street Suite 210
   Riverside, CA 92501
19 951-276-6210
   Fax: 951-276-6202
20 Email: sean.lokey@usdoj.gov

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1058962.1